### Ex Parte P. H. Rowland.

*No. 757.   Decided June 29th, 1895.*

1. **Extradition—Sufficiency of the Complaint Which is the Basis For.**

On habeas corpus for release from custody, under an extradition warrant, where it appeared that the complaint, upon which the extradition was demanded, was made on affiant's information and belief, and not from personal knowledge of the facts relied on to constitute the alleged crime. Held: The complaint was wholly insufficient, and relator entitled to his discharge.

APPEAL from the District Court of McLennan. Tried below before Hon. S. R. Scott.

The opinion states the case.

No briefs have come to the hands of the Reporter.

HURT, PRESIDING JUDGE.—The governor of Tennessee made requisition upon the governor of this State for the rendition of relator, who, it is alleged, stands charged with an offense in that State. The governor of this State issued a warrant for his arrest, which was executed by J. W. Baker. Relator applied to the District Judge of McLennan County for writ of habeas corpus. The writ was issued or its issuance was waived. Whether either was done or not does not appear from this record. Be this as it may, we have before us the sheriff's answer to same, and the record contains the trial, which resulted in remanding relator to the custody of Baker (sheriff); to all of which relator excepted, and gave notice of appeal to this court.

It is contended that the complaint made before R. Greer in Tennessee, upon which this extradition is based, is not such as will warrant his extradition. The complaint is as follows:

"THE STATE OF TENNESSEE, ⎱
    "CLAIBORNE COUNTY.   ⎰

'This day personally came H. M. Carr, before the undersigned authority, R. Greer, an acting Justice of the Peace for said county, and made oath in due form of law and says: That he is informed and believes P. H. Rowland is guilty of the offense of breach of trust, or larceny, by reason of the following statement of facts: On or about the 15th day of March, 1895, he purchased from various parties in Claiborne and Grainger Counties, of Tennessee, a car load of hogs on credit, in the name of Carr and Rowland, composed of G. B. Carr and P. H. Rowland, and shipped same to Cincinnati, O., with a view of selling same, and applying the proceeds to his own use. Affiant states that said Rowland sold said hogs, and applied the proceeds to his own use, and gone to parts unknown, and he is informed and believes that he secured the use of the name of the said G. B. Carr, in order that he might be enabled to buy said hogs on a credit, and convert the proceeds to his own use. Wherefore he prays for a warrant for the arrest of the said Rowland.

[Signed]          "H. M. CARR.

"Sworn to and subscribed to before me, April 10, 1895.
[Signed]          "R. GREER, J. P."

It will be seen by an inspection of the complaint, that H. M. Carr, who swore to same, does not pretend to have personal knowledge of the facts or charge contained in the complaint. He is informed and believes that relator has committed acts therein named, namely, "guilty of fraudulent breach of trust, or larceny;" informed and believes that "he secured the use of the name of G. B. Carr in order that he might be able to buy said hogs on a credit and convert the proceeds to his own use." The contention of the relator is correct, the rule being that "the affidavit required in such cases shall set forth the facts and circumstances relied on to prove the crime, under oath or affirmation, to some person familiar with them, whose knowledge relative thereto justifies the testimony as to their truthfulness, and should not be the verification of a person who makes no claim to personal information as to the subject matter of the same." See, for an exhaustive discussion of this subject, Ex Parte Hart, 11 C. C. A., 165, 63 Fed., 249. See also Ex Parte Smith, 3 McLean, 121 Fed. Cas., No. 12,968, which is directly in point. The judgment below is reversed, and relator ordered discharged.

*Reversed and relator discharged.*