## Ex Parte D. C. Baker.

### No. 2455. Decided November 6, 1901.

**1.—Extradition—Void Affidavit.**

A party accused of crime in this state, and who has been extradited from another State to answer to said crime, is not entitled to be released from custody upon the ground that the extradition proceedings are void because the affidavit charging him with the crime is not in conformity with the requirements of the Federal statute. He should have availed of this matter in the State from which he was extradited, and it is too late to undertake to avail himself of this matter in this State.

**2.—Failure of Grand Jury to Indict—Rearrest.**

The failure of the first grand jury to indict does not prevent the rearrest of defendant and his being held to await the action of another grand jury upon new evidence tending to connect him with the crime.

Appeal from the District Court of Travis. Tried below before Hon. F. G. Morris.

Appeal from an order on habeas corpus proceeding requiring bail of defendant on a charge of murder.

The case is sufficiently stated in the opinion.

*Edwin H. Yeiser,* for relator.

*Rob't A. John,* Assistant Attorney-General, for respondent.

DAVIDSON, Presiding Judge.—Relator was arrested in March under a complaint charging him with murder. The grand jury was in session, and, having failed to indict, the district judge ordered his release. Some time during the month of August another complaint was filed, charging him with the same murder. In the meantime he had gone to Arkansas. Requisition papers were made out, forwarded, and honored by the Governor of that State, and relator brought back to Travis County, in this State. He applied for bail before one of the district judges of Travis County, which was granted in the sum of $500. This he refused to give, and prosecutes this appeal.

The affidavit charging him with murder recites that the affiant verily believes, and has good reason to believe, that appellant was guilty of the murder set out in the complaint. His release from custody is sought because the Federal statute requires the party making the affidavit to state the facts upon his own knowledge, and not upon information in regard to the offense sought to be charged; and that, therefore, the whole extradition proceeding was void, viewed from the standpoint of the writ of habeas corpus proceeding in Travis County. Had he sought to take advantage of this position in the State upon which the demand was made, he would have been supported by the authorities. See Ex parte Rowland, 35 Texas Crim. Rep., 108, and authorities cited. This he did not see proper to do, so far as this record discloses, and it is too late to undertake to avail himself of that matter in this State. In Brookin v. State, 26 Texas Criminal Appeals, 121, the court said it would not avail defendant against the prosecution that he was arrested by the sheriff of Wilbarger County, Texas, in the Indian Territory, without lawful authority, and brought into this State, and confined in the jail of said Wilbarger County, to be tried for the offense of which he has been convicted. A person accused of crime committed in this State may be tried by courts of this State for such crime, although he may have been kidnaped in another State or Territory, and brought thence to this State against his will, and without lawful authority. See also State v. Ross, 21 Iowa, 467; Dow's case, 18 Pa., 37; Ker v. Illinois, 7 Sup. Ct., 225, 30 Law. Ed., 421, and decisions there cited. The question decided in Blandford's case, 10 Texas Criminal Appeals, 627, is not at issue here.

Appellant further contends that, by reason of the failure of the first grand jury to indict, he could not be subsequently arrested and held to await the action of another grand jury. He cites us no authority on this proposition, and we are of opinion there is no merit in it, especially as it is agreed between the parties that subsequent to the failure of the grand jury to indict the State has newly discovered testimony connecting or tending to connect defendant with the homicide. The case is not brought up on the facts attending the homicide, but simply upon the legal propositions discussed.

We are of opinion the trial court was correct in its various rulings, and the judgment is therefore affirmed.

*Affirmed.*

Brooks, Judge, absent.