Ex Parte Mrs. Parlee Cheatham Denning.

No. 3830. Decided February 6, 1907.

**1.—Felony—Extradition—Fugitive From Justice.**

All that is required under the Federal Statutes for extradition is that the accused is a fugitive from justice from the State in which the indictment is lodged against him, and that the requisition is in due form.

**2.—Same—Requisition—Information—Papers Regular.**

Where there was a requisition and a copy of the complaint and information charging that an offense had been committed in a sister State, together with the accompaning papers from said State which were regular, and a demand was made for the extradition of the accused upon the Governor of this State, the same was sufficient for the Governor of this State to cause accused to be arrested and extradited.

**3.—Same—Bill of Exceptions—Stenographer's Report.**

Where upon appeal from an extradition proceedings in the court below, the bill of exceptions taken therein to the rulings of the court upon pleadings was not taken in the regular form, but simply noted in the stenographer's report, the same could not be reviewed on appeal under section 7 of the Act of the Twenty-Ninth Legislature, pages 219 and 220.

**4.—Same—Guilt or Innocence of Relator Not Involved.**

Where upon an extradition proceeding, a certain deed offered by relator affecting the property involved in the crime, was excluded, there was no error as the guilt or innocence of the relator could not be inquired into. The same rule applies to certain letters which were offered as defensive matter and excluded.

Appeal from the District Court of Bexar. Tried below before the Hon. Edward Dwyer.

Appeal from an order remanding relator to custody on habeas corpus and extradition proceedings, in vacation.

The relator stood charged by complaint and information in the State of Colorado with the crime of obtaining property by false pretenses and making fraudulent conveyance of lands in such State, and was a fugitive from justice. Demand was made under the Federal Statute by the governor of said State upon the governor of this State for the extradition of the relator; and was accompanied by a copy of said complaint and information duly certified as authentic by the governor of said State, whereupon the governor of this State issued a warrant of arrest

and extradition in the usual form. After arrest the relator sued out a writ of habeas corpus. Relator interposed special exceptions to said warrant, and also answered to the merits of the charge, all of which were overruled and the relator remanded to custody, from which order she appealed to the Court of Criminal Appeals. This with the statement in the opinion is sufficient.

*Carlos Bee,* for relator.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—The able brief filed by the Assistant Attorney-General presents all the questions raised by this record, and it is adopted as the opinion of this court. No error appears in this record, and accordingly the judgment is affirmed.

Where a requisition or demand is presented to the governor of a State, charging that the party has committed an offense in the demanding State, and that an indictment or information has been lodged against said party, and that he is a fugitive from justice and in the asylum State, the governor of the latter State is required and commanded by the Constitution and the Federal Statutes, and the State statutes to issue his executive warrant for such party.

In this case there was a demand or requisition, and (2) a copy of the complaint and information stating that the offense had been committed in the State of Colorado, and the other papers accompanying the demand upon the governor of Texas, were in every way regular and complied with the Federal and State Statutes. Article 5278, Revised Statutes, United States, reads as follows: "Whenever the executive authority of any State or territory demands any person as a fugitive from justice, of the executive authority of any State or territory, to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or territory, charging the person demanding with having committed treason, felony or other crime, certified as authentic by the governor or chief magistrate of the State or territory, from whence the person so charged has fled, it shall be the duty of the executive authority of the State or territory to which such person has fled, to cause him to be arrested and secured, and cause notice of the arrest to be given to the executive authority making such demand, or to the agent of such authority, appointed to receive the fugitive, and cause the fugitive to be delivered to said agent when he shall appear." Article 1051, Texas Code Criminal Procedure, provides, as follows: "A person charged in any other State or territory of the United States with treason, felony or other crime, who shall flee from justice and be found in this State, shall, on demand of the executive authority of the State or territory from which he fled, be delivered up, to be removed to the State or territory having jurisdiction of the crime." The requisition presented

to the governor of this State contained every essential requirement of law. It showed (1) that the affidavit had been lodged in the demanding State; and (2) that a demand was made by the governor of that State, stating that the affidavit was authentic. This left no discretion to the executive of this State,—the law is mandatory when these two requirements are met, and there is but one thing for the executive of this State to do, and that is to issue his warrant, after ascertaining that the party was in fact a fugitive within the borders of this State— the manner of which ascertainment is left entirely to the discretion of the governor of the fugitive State.

There are some special exceptions urged to the executive warrant, and to the requisition, but they have all been settled adversely to the relator's contention, in this same relator's case decided at the Austin Branch of this court, 1906. Besides, the special exceptions presented cannot be revised here or considered, because they are not presented by a bill of exceptions. There is a statement in the report of the case that the relator excepted to the court's action in overruling them. But there is no bill of exceptions prepared and approved, and filed in the case. It will be observed that the stenographer's report, as provided for by the Acts of the Twenty-Ninth Legislature, 219–220, does not provide for bills of exception to be considered as shown by the stenographer's report on any other subject, except as to the admissibility of testimony. Section 7 of said act provides, that all objections to the admissibility of testimony, and the ruling of the court thereon, shall be regarded and considered as though they were separate bills of exception. There is no provision that the bills of exception taken to the rulings of the court, as to pleadings, and other matters not evidenced, shall be deemed a bill of exceptions.

By bill of exceptions No. 1, tr. p. 38, it is contended that the court erred in excluding a deed offered by relator, conveying from H. Denning to relator, certain property, which it is claimed was the same the said Orval Wilday, in his complaint and information, charged relator with having sold him, while charging that relator was not the owner of said property at the time of said sale.

This does not present error, (1) because the bill does not show that the deed conveyed the same property referred to by Orval Wilday, nor is there any evidence outside of this bill, offering to show the same and (2) it was not proper to hear evidence as to the guilt or innocence of the relator, but that is a question for the State of Colorado entirely. The question of the guilt of relator or any other ulterior purpose behind the prosecution cannot be inquired into. In re Roberts, 24 Fed. Rep., 132; Peo. v. Shea, 27 Chi. Leg. News, 214; Johnston v. Riley, 13 Ga., 97; In re Clark, 9 Wend., 212.

By bills of exceptions Nos. 2 and 3, tr. pp. 39–40–41–42, relator contends that the court erred in excluding certain letters which she offered in evidence, which had attached to them the signature of Orval Wilday, the complaining witness in this case. They were excluded

upon the ground, that they were irrelevant and immaterial, and were defensive and were not proved to be a letter from Orval Wilday.

There was no attempt to identify the letters, or prove that they were the letters in fact of the said Orval Wilday, and no effort of any kind made to establish that he wrote or signed said letters. And it is elementary that before they could have been introduced, the proof of his execution was imperative. But aside from that, they were wholly irrelevant, immaterial, for the reason that they were defensive and upon the trial of the case in Colorado might be considered on the merits of the case perhaps, but were not relevant to show anything in regard to the executive warrant or the requisition. The last authorities cited herein, and numerous others that could be referred to, are conclusive upon this question, and I take it that it will not be contended by anybody that the merits of the case should be inquired into in a proceeding of this character.

*Affirmed.*