EX PARTE JOSEPH L. BROWN.

No. 3588.  Decided May 26, 1915.

1.—Extradition—Affidavit—Belief and Information.

Where the affidavit upon which the extradition proceedings were based, when taken as a whole, was not on information and belief alone, but was sworn to positively, the same was sufficient.  Davidson, Judge, dissenting.

2.—Same—Evidence—Defendant's Guilt.

Upon an extradition proceeding, there was no error in not permitting the relator to testify that he was not guilty of the offense charged.  Following Denning v. State, 50 Texas Crim. Rep., 629.

Appeal from the Criminal District Court of Harris.  Tried below before the Hon. C. W. Robinson.

Appeal from a habeas corpus proceeding, remanding relator to the custody of the officers.

The opinion states the case.

*Gibson & Wander,* for appellant.—On question of insufficiency of affidavit:  Roberts v. Reilly, 116 U. S., 180; State v. Richardson, 34 Minn., 115; 19 Cyc., p. 93; Ex parte Reggel, 114 U. S., 642.

*C. C. McDonald,* Assistant Attorney General, for the State.—Cited cases in the opinion.

PRENDERGAST, PRESIDING JUDGE.—Appellant was arrested under the warrant of the Governor of Texas issued upon the requisition of the Governor of Illinois.  He sued out a writ of habeas corpus before Judge Robinson, judge of the Criminal District Court of Harris County, who heard all the evidence and remanded the appellant, from which he appealed.

There are but two questions raised by appellant's bills.  There is no statement of facts.  By his first bill he complains that the court erred in admitting in evidence the affidavit or complaint claiming that it was made only on information and belief and for that reason was insufficient.  The affidavit or complaint shows to have been made before one of the judges of the Municipal Court of Chicago, and is signed and sworn to by Ed A. Garvey.  After the formal parts and the statement of Garvey's name and residence, it is that he "complains to Charles A. Williams, one of the judges of the Municipal Court of Chicago, and being duly sworn and examined on his oath, states that Joseph L. Brown did, on the 9th day of January, A. D. 1915, at the City of Chicago, in the county aforesaid, then and there being the bailee of the following goods and chattels, towit:—132 watches, of the value of seven hun-

dred and seventy-six dollars fifty cents ($776.50) the personal goods, chattels and property of the United Watch Company, a corporation, did then and there feloniously and unlawfully convert the same to his own use and gain with the intent then and there to steal same, contrary to the statute in such case made and provided and against the peace and dignity of the people of the State of Illinois.

"This complaint further says that he has just and reasonable grounds to believe and does believe Joseph L. Brown committed said offense.

"Wherefore, the said Ed A. Garvey prays a warrant may issue against the said Joseph L. Brown, according to law."

Judge Robinson held that, considering this complaint or affidavit as a whole, it was not on information and belief alone but was sworn to positively. We think the trial judge was correct. The first paragraph of the affidavit clearly is positive and not on information and belief. The second clause does not so modify the first or the whole affidavit as to show that it was made on information and belief only. Doubtless the second clause was added because of the statute of the State of Illinois, requiring that that additional matter should be thus stated.

The other bill complains that the court refused to permit the appellant to himself testify to the effect that he was not guilty of the offense charged. There is no question but that this cannot be done. Denning v. State, 50 Texas Crim. Rep., 629. There is no need to cite any other authorities.

The judgment of the trial judge will, therefore, be affirmed.

*Affirmed.*

DAVIDSON, JUDGE.—This is a complaint on information and belief and, therefore, not a sufficient basis for extradition.

#### July 5, 1915.

PRENDERGAST, PRESIDING JUDGE.—The court stenographer has called our attention to the dissenting opinion herein, prepared to be filed after the motion for rehearing had been overruled and the court adjourned for the term.

Our original opinion quotes the affidavit made the basis for extradition. The lower court, and this court, correctly and specifically held: "it (the affidavit) *was not on information and belief alone, but was sworn to positively.*" Simply that and nothing more. No one can mistake our holding. So that the attempted strictures on us by the dissenting opinion, and the citation of authorities to the effect that where such an affidavit is made *solely* on information and belief, it is insufficient as a basis for extradition, are as wholly inapplicable and foreign to the question as would be a citation to the ten commandments, or to authorities on arson, murder, rape or any other distinct crime wholly disconnected with the crime charged herein; hence, the authorities mentioned in the dissenting opinion are neither directly nor indirectly embraced in, nor affected by, our original opinion.

July 5, 1915.

DAVIDSON, JUDGE (dissenting).—When the opinion was handed down I stated at the bottom of the opinion that the complaint which formed the basis of the extradition was made on belief, and, therefore, not sufficient. The exact language is stated in the majority opinion, that is, that the affiant says he has just and reasonable grounds to believe and does believe Joseph L. Brown committed said offense. This is what is popularly termed a complaint on information or belief. In all the decisions heretofore by the Supreme Court of the United States and by this court this character of complaint has been held insufficient as a basis of extradition. It has been decided so frequently that it would look like a work of supererogation to cite authorities but to show that it has been the recognized rule in Texas as well as elsewhere I cite Ex parte Rowland, 35 Texas Crim. Rep., 108; Ex parte Baker, 43 Texas Crim. Rep., 281. These cases have been followed in all subsequent cases in Texas. It has been the uniform ruling of the Supreme Court of the United States, and in obedience to the decisions of that high court, its decisions being the controlling authority, the acts of this court ought to be bound. The reasoning for the rule is given in the various decisions. These cases and this line of authority have been followed in Texas until the opinion in this case. I do not care to write further. The complaint was not sufficient. The relator ought to have been discharged.