## Ex Parte D. C. McEntyre.

No. 12623.    Delivered May 8, 1929.

The opinion states the case.

*P. D. Crawford, G. W. Lindsey,* and *Baskett & De Lee* of Dallas, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Appellant was arrested upon an executive warrant issued by the Governor of Texas after requisition made upon him by the Governor of Oklahoma.   He sued out a writ of habeas corpus before the Criminal District Court of Dallas County and upon a hearing had before said court was remanded to the custody of the agent named by the Governor of Oklahoma to receive him, from which order he appeals to this Court.

It appears that appellant had filed against him in the State of Oklahoma three complaints for an alleged violation of the "blue sky law" of said state.   Two of these complaints were sworn to before C. E. Hass, County Clerk, and certified copies of these are attached to the requisition issued by the Governor of Oklahoma. The third was sworn to before C. E. Rosson, Justice of the Peace.

This is also attached to said requisition warrant but without any certificate that it is a true and correct copy of the one on file. The requisition of the Governor of Oklahoma reads in part as follows:

"Whereas, it appears by the annexed COMPLAINT, which I certify to be authentic and duly authenticated in accordance with the Laws of this State, that D. C. McEntyre and A. M. Belcher stands charged with the crime of VIOLATING THE BLUE SKY LAW committed in the County of Tillman in this State and it has been represented and satisfactorily shown to me that they have fled from the justice of this State, and have taken refuge in the State of Texas."

Under this state of facts it is contended by appellant, if we comprehend his position, (1) that two of these complaints not being sworn to before a magistrate are invalid and the third, though being sworn to before a Justice of the Peace, who is in fact a magistrate in Oklahoma, not being certified to as correct there existed no proper basis for the issuance of an extradition or an executive warrant by the Governor of Texas; (2) the requisition referring to the three as the "annexed complaint" rendered it uncertain as to which was the basis for same and if either are invalid, the extradition warrant was issued without authority of law. It is affirmatively shown in the statement of facts that a County Clerk is not a magistrate in the State of Oklahoma and that a Justice of the Peace is such a magistrate. In our opinion if either of the three complaints can be legally made the basis for the issuance of the requisition, the appellant's several complaints are without merit. Such matters are under the control of the Federal Government and that part of the United States statutes which appears to control the points involved reads as follows:

"Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the Governor or chief magistrate of the State or Territory from whence the person so charged has fled, it shall be the duty of the executive authority of the State or Territory to which such person has fled to cause him to be arrested and secured, and to cause notice of the arrest to be given to the executive authority making such demand, or to the agent of such authority appointed to receive the fugitive, and to cause the fugitive to be delivered to

such agent when he shall appear." U. S. Compiled Statutes, 1916, Annotated, Vol. 10, Sec. 10126, (R. S. Sec. 5278).

It will be observed that by this statute it is only required that copy of the indictment filed or affidavit made be certified as authentic by the Governor. There is no provision for any other certificate. The rule has been stated as follows:

"To give an executive jurisdiction to issue his warrant for the surrender of a fugitive from justice under the act of Congress, there must be a demand by the executive of the State from which the accused fled, a copy of an indictment found, or an affidavit made before a magistrate, charging him with having committed a specified crime, and such copy must be authenticated by the executive of such State." 11 R. C. L., Extradition, Paragraph 9.

See also Ex parte Dickson, 69 S. W. 943, and Notes 25, 26 and 27 to Paragraph 10126 (R. S. Paragraph 5278), U. S. Compiled Statutes, 1916, Annotated, Vol. 10, p. 12423, by West Publishing Company.

It may be admitted that two of these complaints are invalid because not made before a magistrate, as required by the United States statute quoted above, but it affirmatively appearing that the third was before such officer and duly authenticated by the Governor of the demanding State, we are of the opinion that the extradition warrant under which appellant was arrested was valid and appellant's arrest legal. An affirmance of the trial court's judgment therefore necessarily follows and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.