## J. W. TIPTON V. THE STATE.

No. 16545.   Delivered March 21, 1934.
Reported in 69 S. W. (2d) 1111.

The opinion states the case.

*Kirby, King & Overshiner,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was convicted of the offense of unlawfully possessing intoxicating liquor for the purpose of sale, and his punishment assessed at confinement in the state penitentiary for a term of two years.

The testimony adduced shows that appellant owned a farm situated about nine miles east of Sweetwater in Nolan County, Texas; that he also owned a farm near Lamesa in Dawson County where he resided. On the farm near Sweetwater, which he had leased to a man by the name of E. R. Bransford, he had built a filling station, tourist cabins and a chicken house. On the 6th day of April, 1933, the sheriff of Nolan County with his deputies went to the appellant's farm located in Nolan County and by virtue of a search warrant searched the premises. They found in a cellar of the chicken house a still, mash, and about 8 or 9 gallons of whisky. The appellant was on the premises at the time. The officers testified that they arrested him and took him down into the cellar and while in there he, the appellant, broke one bottle of whisky and undertook to hide one. The state also proved by Ted Bransford, a son of E. R. Bransford, that his father and appellant were engaged in the manufacture and sale of whisky on a fifty-fifty basis; that appellant helped make liquor and the witness helped appellant haul it to Lamesa in Dawson County. The appellant denied

any connection with the still or the manufacture and sale of any liquor.

By bill of exception No. 1 the appellant complains of the action of the trial court in permitting Mr. Pool, a deputy sheriff, to testify that after he had appellant under arrest and while he and appellant were in the cellar, the appellant poured out one-half gallon of whisky and he hid one-half gallon of whisky, to which appellant objected because he was under arrest at the time and the same being in the nature of a confession and not having been warned as required by law, it was not admissible, which objection was by the court overruled and the appellant excepted. We cannot agree with the appellant's contention inasmuch as the testimony objected to comes within the rule of res gestae of the offense, and in support of our views we refer to the following authorities: Funston v. State, 38 S. W. (2d) 335; Kelly v. State, 278 S. W., 449. In the case of Kelly v. State, supra, the accused, while being taken to jail in an automobile, seized a pair of pliers and broke one of the fruit jars containing whisky. The court in passing on the question said: "It would be a remarkable situation if an accused should be permitted to destroy the evidence against him and then deny the state the right to prove such destruction by simply showing that he was under arrest at the time." We therefore overrule the appellant's contention.

By bill of exception No. 2 the appellant complains of the action of the trial court in permitting the district attorney, while cross-examining the appellant, to exhibit in the presence of the jury a number of letters and then propound the following question: "Did you not write Mr. Bransford a letter and say 'bring me those shoes,' meaning two cases of liquor? A. I know my own signature when I see it and that signature is not mine. I did not write that." Again the district attorney exhibited another letter and elicited the following testimony: "This letter here you show me is addressed to Ray Bransford, but I did not address that letter to him. It is postmarked Lamesa and dated April 25, 1933. It is signed J. W. Tipton but I did not sign it." Again the district attorney exhibited another letter to the witness and propounded the following question: "Did you write a letter to Ray Bransford on January 13, 1933, in which you stated, 'Dear Ray: How are you getting along? I am O.K. I will be down soon and see you about digging the well?" To which questions and conduct of the district attorney in reading from said letters in the presence and hearing of the jury the appellant objected because the letters had not been identified as having been written by the ap-

pellant and the effect of same was to get before the jury the contents of the letters not identified as having been written by the appellant and which were not in themselves admissible in evidence. The court sustained said objections and instructed the district attorney not to read from said letters, but thereafter permitted him to propound to said witness the further question: "Did you not tell him in the letter dated January 13, 1933, that as soon as they get the chicken house up you would be down and stay with him until the whole thing was completed?", to which the appellant again objected for the reason that the letter had not been identified as having been written by the appellant to E. R. Bransford and that the effect of the conduct of the district attorney was to create the impression that the appellant had written said letters which were in themselves not admissible until proven up as the appellant's act and composition, which objections were by the court overruled and to which ruling the appellant excepted. Thereafter the district attorney exhibited some other letters and cross-examined the appellant with reference thereto but none of said letters were thereafter introduced as evidence.

It is elementary that before letters can be introduced as evidence against a defendant that proof of his execution of same is imperative, and this well recognized rule has been consistently adhered to by this court as will appear from the following authorities: Ex parte Denning, 50 Texas Crim. Rep., 629, 100 S. W., 401; Miller v. State, 144 S. W., 239; Patton v. State, 282 S. W., 240. It is true that in the case under consideration the letters themselves were not introduced as evidence in the case, but the act of the district attorney in exhibiting the same in the presence of the jury and reading aloud certain sentences and paragraphs thereof and showing that the same bore the name of the appellant was placing before the jury a part of the contents of said letters without first having proved up the execution of the same by the appellant. It was an indirect way of getting the contents of said letters before the jury when he was not legally entitled to do so in a direct way. It is obvious that the act of the district attorney in reading from the unidentified letters purporting to have been written by the appellant was hurtful, and we feel constrained to sustain the appellant's contention.

For the error above pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.