Ex Parte B. M. Loos.

No. 17543.   Delivered March 20, 1935.
Rehearing Denied May 1, 1935.

The opinion states the case.

*Henry Bishop*, of Fort Worth, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Relator is held by virtue of a Governor's warrant issued by the Governor of the State of Texas upon requisition from the State of Oregon.  He sought his release by way of habeas corpus and was remanded to custody by the district court of Tarrant County.  Hence this appeal.

Relator is under indictment in the circuit court of the County of Clackamas, State of Oregon, on a charge of arson alleged to have been committed on the 25th day of July, 1930. In the habeas corpus proceeding in the district court of Tarrant County relator testified that he was not in the State of Oregon on the date the offense was committed, but was in California. Witnesses for the respondent took issue with relator and testified that he was in the State of Oregon when the offense was committed, but was not in the county where the fire occurred.

Relator contends that under the holding of this court in Ex parte Hogue, 17 S. W. (2d) 1047, and Ex parte Baird, 17 S. W. (2d) 1049, he is entitled to be discharged.  In the cases mentioned it was uncontroverted that the alleged fugitive was not within the confines of the demanding state at the time of

the commission of the alleged offense. Under the circumstances, this court held that he could not be a fugitive from justice within the terms of the law. In the instant case the proof on the part of the respondent showed that relator was within the confines of the demanding state at the time of the commission of the alleged offense. Manifestly, the cited cases have no application. The fact that relator was not in the county where the offense was alleged to have been committed on July 25, 1930, but was in another county of the demanding state, might raise the affirmative defense of alibi, but that is a question for the demanding state. We quote from Branch's Annotated Penal Code, sec. 248, as follows: "It is not error on a habeas corpus hearing to refuse to hear evidence as to the guilt or innocence of the alleged fugitive, that being a question for the demanding state."

See Ex parte Denning, 100 S. W., 401; Ex parte Hancock, 170 S. W., 145; Ex parte McDaniel, 173 S. W., 1019; Ex parte Brown, 178 S. W., 366; Ex parte Pinkus, 25 S. W. (2d) 334.

Believing that relator was properly remanded, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The date appellant's place of business was burned in Oregon City was shown to be July 25, 1930. On the same date appellant was arrested on a train in Oregon City. Klamath Falls is in the southern part of Oregon, and by rail is approximately three hundred miles from Oregon City. It was seven hours after the explosion in appellant's place of business that appellant put in a telephone call from Klamath Falls to Oregon City. Appellant testified that he was not in Oregon City on the occasion of the fire, but was in San Francisco. He did not say that he was on a train traveling from San Francisco to Klamath Falls, but expressly stated that he was in San Francisco. He did not testify as to the time he reached Klamath Falls. He testified further that San Francisco was nine hundred or a thousand miles from Oregon City. Again he testified that it requires a day and a half to make the trip by train from Oregon City to San Francisco. He said he left Oregon City about three days prior to July 25, 1930, the date

of the burning. He testified further that the train from San Francisco to Oregon City stopped ten minutes at Klamath Falls; that while in Klamath Falls he had a conversation by telephone with an officer in Oregon City; that he immediately thereafter got on the train and came on to Oregon City. Manifestly, if Oregon City is nine hundred miles from San Francisco and Klamath Falls three hundred miles from Oregon City, then San Francisco is six hundred miles from Klamath Falls. If appellant was in San Francisco when the fire occurred, he traveled six hundred miles on the train in seven hours, for it was shown that the conversation by telephone from Klamath Falls to Oregon City was seven hours after the fire. He would have traveled approximately eighty-six miles per hour. If it is a thousand miles from San Francisco to Oregon City, it is seven hundred miles from San Francisco to Klamath Falls. Hence if appellant was in the city of San Francisco when the fire occurred and immediately got on the train and traveled to Klamath Falls, where he had the telephone conversation with the officer, the train would have traveled an average of one hundred miles an hour. We think appellant's own testimony warranted the conclusion by the judge remanding him to custody that his statement that he was in San Francisco could not be true, and that he was in the State of Oregon on the occasion of the fire.

We quote from 25 Corpus Juris, page 258, as follows: "It is not, however, necessary that the criminal shall have done within the demanding state every act necessary to complete the crime, but if in the case of a crime consisting of several acts or parts, the accused commits within the state any one of them and departs before the happening of the other act authorized or contemplated by him, he is a fugitive from justice in that state. It is sufficient that he does an overt act which is, and is intended to be, a material step toward accomplishing the crime, and then absents himself from the state and completes the crime. It is not necessary that the flight of the fugitive shall have been precipitate."

Appellant testified that he did not learn that his place had burned until after he talked from Klamath Falls to Oregon City. He gained his information from a newspaper that he bought as he was getting on the train at Klamath Falls. According to the officer who intercepted the telephone call which appellant was endeavoring to make to his employee at Oregon City, appellant refused to tell him his whereabouts. There was under the house after the explosion a quantity of gasoline and

rags soaked in gasoline which the officers discovered some two or three days after the explosion. This had evidently been placed there by some one in preparation for the burning of the building.

We make these statements in view of the rule hereinbefore quoted. If appellant did some overt act which was a material step towards accomplishing the crime and then absented himself from the state until the crime had been completed, it would appear that he would be a fugitive from justice in contemplation of the law.

Motion for rehearing overruled.

*Overruled.*