## Ex Parte Ted S. Williams.

No. 18683.   Delivered October 14, 1936.

The opinion states the case.

*O. M. Street,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Relator is held by virtue of a warrant issued by the Governor of the State of Texas upon requisition by the Governor of the State of Oklahoma. He sought his release by way of habeas corpus and was remanded to custody by the District Court of Dallas County. Hence this appeal.

A complaint, duly sworn to, was filed in a justice court of Okfuskee County, State of Oklahoma, on the 13th of February, 1936, charging relator with the offense of swindling, which is alleged to have been committed on the 5th day of September, 1935. In the habeas corpus proceeding in the District Court of Dallas County relator introduced witnesses who gave testimony tending to show that he was not in the State of Oklahoma on the alleged date of the commission of the offense, but was in the State of Texas. Witnesses for the respondent took issue with relator and testified to his presence in the demanding state on said date.

In the cases of Ex parte Hogue, 112 Texas Crim. Rep., 495, and Ex parte Baird, 112 Texas Crim. Rep., 602, the proof was uncontroverted that the alleged fugitive was not within the confines of the demanding state on the alleged date of the commission of the offense. Under the circumstances, this court held that he could not be a fugitive from justice within the terms of the law. The holding in said cases is not applicable to the situation in the present case, in view of the fact that the proof on the part of the respondent herein was sufficient to warrant the conclusion that the relator was within the confines

of the State of Oklahoma on the alleged date of the commission of the offense. See Ex parte Loos, 81 S. W. (2d) 527.

Believing that relator was properly remanded, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.