### Ex Parte C. P. Sharp.

No. 19002. Delivered May 5, 1937.
Rehearing Denied June 9, 1937.

The opinion states the case.

*H. R. Bishop,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—By an application for a writ of habeas corpus before the judge of the Criminal District Court of Tarrant County, Texas, the relator sought his absolute discharge from the custody of the sheriff of that county. Upon the hearing of the application, the sheriff, as respondent, answered that he was detaining the relator by reason of an executive warrant issued by the Governor of this State upon the demand of the Governor of the State of Missouri; also that he was detaining the relator by reason of a warrant of arrest issued out of the Justice Court of Precinct No. 1 of Tarrant County, Texas. The trial judge denied the relief prayed for in each of the particulars mentioned. The facts show that the executive warrant was regular in all particulars, as was also the warrant of arrest. Upon the record as presented here, no error is shown in the action of the trial judge.

The judgment of the trial court is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—As we understand it appellant's position is not a challenge that the extradition warrant is irregular on its face, but a contention that an extradition warrant purporting to have been issued by the Governor of this State was in fact issued by the Secretary to the Governor without the latter's knowledge, and that a subsequent extradition warrant really executed by the Governor was not valid in the absence of a second request for its issuance.

It appears from the statement of facts that the Governor was advised that his Secretary had improperly issued the first warrant. We assume from the record that he then issued a proper warrant. We see no impropriety in this. The requisition papers from the Governor of the demanding State were in all respects regular and were on file in the office of the Governor of this State. Upon information reaching him that a

warrant had been improvidently issued by his Secretary we are not aware of any rule of procedure which would prevent him from then doing what he would have had authority to do had he acted in the first instance instead of his Secretary. The situation is somewhat analogous to that found in Ex parte Paul H. Sloan, No. 19,097, opinion on rehearing this date (page 573 of this volume).

The complaint that appellant was deprived of an opportunity to present evidence that he was not guilty of the offense charged against him in Missouri is not tenable. In 19 Tex. Jur., page 508, Sec. 20, is found the following statement on the subject:

"The guilt or innocence of the prisoner will not be inquired into in the forum of the asylum state. The court will not go behind a valid requisition to make any such inquiry. Indeed, it will go no further than to determine the existence of jurisdictional facts, such as the fact that he is charged with a crime in the demanding state or that he is a fugitive from justice. Accordingly, it is held not to be error to exclude evidence bearing on the guilt or innocence of the accused. The accused's own testimony that he is not guilty of the offense charged is properly excluded."

Many authorities are cited supporting the text, among them benig Ex parte Pinkus, 114 Texas Crim. Rep., 326, 25 S. W. (2d) 334.

The motion for rehearing is overruled.

*Overruled.*