EX PARTE RICHARD G. GALLOGLY.

No. 20974.  Delivered February 21, 1940.
Rehearing Denied March 20, 1940.

The opinion states the case.

*Leake, Henry & Young,* of Dallas, and *Martin, Moore & Brewster,* of Fort Worth, for appellant.

*Ellis Arnall,* Attorney General, and *Herschel E. Smith,* Assistant Attorney General, both of Atlanta, Georgia, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.
It appears from the record before us that Richard G. Gal-

logly, the appellant, was, in the year 1929, charged with murder by two indictments returned by the Grand Jury of Fulton County, Georgia. He was tried and convicted and his punishment in each instance assessed at confinement in the state penitentiary for life. In the early part of October, 1939, he escaped from that State and came to Dallas, Texas, where he surrendered to the sheriff, stating that he was a "life-termer" and had made his escape from the state penitentiary of Georgia. On the 11th day of October, 1939, the Governor of Georgia, upon the application of the Solicitor General of said state, issued his requisition addressed to the Governor of this State, who in due time and form issued his executive warrant for appellant's arrest, and directing that he be delivered to the agents of the State of Georgia to be taken back to said state.

Appellant applied to the Hon. Grover Adams, Judge of the Criminal District Court of Dallas County, for a writ of habeas corpus. In said application he alleged that he was being illegally restrained of his liberty by the Sheriff of Dallas County, and prayed that upon a hearing thereof he be ordered discharged. The court, after a full and complete hearing, remanded the appellant to the custody of the sheriff to be by him delivered to the designated agents of the State of Georgia. From this order, appellant has appealed to this Court.

The only contention which appellant makes is that the requisition and the designation of the agents by the Governor of Georgia is not attested to by the Secretary of the State of Georgia, and that neither of them bear the Great Seal of said state. We do not have the original documents before us, but it appears from the record that all the documents were fastened together by a ribbon and the Greal Seal of said state impressed thereon at the time they were presented to the Governor of this State. We think this is sufficient to meet the objections here raised. In our opinion it was not necessary to impress the Great Seal of Georgia upon each document separately. The seal placed on the ribbon which bound all the documents together related to and attached to every document connected therewith. Appellant relies upon the case of Ex parte Pinkus, 25 S. W. (2d), 334, 338. We think that the instant case is distinguishable from that case upon the facts. In that case the agents appointed to receive the relator were named IN THE REQUISITION, but *it* did not bear the Great Seal of the State of New York. In that case, this court held that since the names of the designated agents appeared in the requisition only, it would be sufficient as a designation provided the instrument bore the Great Seal of the State of New York. In the instant case, the names of

the agent also appears in the requisition, but the requisition bears the Great Seal of the State of Georgia, and is signed by the Governor and properly attested by the Secretary of said state. The requirements of the Pinkus case, supra, are fully met.

The judgment of the District Court of Dallas County is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant's motion for a rehearing merely reiterates matters called to our attention in the original submission herein, and which the original opinion, by Judge Krueger, has passed upon in its well considered reasoning.

This motion again calls to our attention relator's allegation that the designation by the Governor of Georgia of certain agents for the purpose of conveying relator back to his home state did not bear the impression of the Great Seal of the State of Georgia. This as well as all other matters called to our attention have been passed upon satisfactorily to this court in its original opinion, and the motion for a rehearing is therefore overruled.