## EX PARTE H. E. RHOADES.

No. 21710. Delivered October 22, 1941.
Rehearing Denied November 26, 1941.

The opinion states the case.

*Pichinson & Alsup,* of Corpus Christi, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Relator was arrested, by the Sheriff of Nueces County, by virtue of the extradition warrant of the Governor of this State, issued upon the requisition of the Governor of the State of Alabama. He sought his discharge by writ of habeas corpus before the Criminal District Court of Nueces County. From the judgment remanding him to the custody of the arresting officer he prosecutes this appeal.

Upon the hearing, the State introduced the executive warrant and the requisition with the accompanying authenticated copy of the indictment showing that relator was charged with the offense of embezzlement in the demanding state. There was proof identifying relator as the alleged fugitive and as being the one and same person named in the extradition proceedings. This proof made a prima facie case and was sufficient to sustain the trial court's judgment. Ex parte Denning, 100 S. W. 401, 50 Tex. Cr. R. 629; Ex parte McEntyre, 18 S. W. (2d) 156, 112 Tex. Cr. R. 638; Ex parte Anderson, 120 S. W. (2d) 259, 135 Tex. Cr. R. 291.

Relator offered no defense, nor did he, by any proof, attack the State's case. His contention is that the requisition proceedings were insufficient to authorize the issuance of the extradition warrant, in that they were not properly authenticated and certified.

It appears that the requisition and accompanying papers, including the indictment, was established by the introduction of photostatic copies thereof. Such photostatic copies were duly certified by the Secretary of State of this State as being true and correct copies of the originals on file in his office and evidencing that the originals were properly authenticated by the authorities of the demanding state. Under the provisions of Art. 3722, Revised Civil Statutes of this State, 1925, they were authorized to be received in evidence. Relator's contention to the contrary is overruled.

It is insisted that the requisition was not properly attested by the Secretary of State of the State of Alabama. Such contention is not sustained by the record, because the certified copy of the requisition shows that the original was executed by the Goverenor, attested by the Secretary of State of the State of Alabama, with the great seal of that state affixed thereon. Moreover, the absence of such attestation would not vitiate the ex-

tradition proceedings. Ex parte Pinkus, 25 S. W. (2d) 334, 114 Tex. Cr. R. 326; Ex parte McEntyre, supra.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for rehearing appellant asserts that we committed a grievous error in failing to discuss on the original submission of this case his Bill of Exception No. 8. It is true that we did not separately discuss the bill, which shows that appellant endeavored to introduce a purported certified copy of an indictment returned by the grand jury of Covington County, Alabama, in "October, 1941," which was subsequent to the date of the hearing of the writ of habeas corpus in the court below. This bill is wholly deficient in that it fails to set out the purported copy of the indictment; nor does it show that it was a copy of an indictment pending against appellant upon which it was sought to extradite him; nor was it shown that it was the only indictment pending against him in the courts of Alabama. Moreover, if there was any defect in the indictment which vitiated it, it does not appear from the certified copy introduced in evidence by the State. This court will not pass upon the sufficiency of an indictment pending in the courts of a sister state in an extradition proceeding because that is a matter which the accused can present and urge upon the trial of his case in the courts of the demanding state. Hence it is obvious that he was not denied any legal right on the hearing of this case in the court below.

From what we have said, it follows that the motion for rehearing should be overruled, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.