CONNER v. STATE.

Opinion delivered November 25, 1918.

1. FALSE PRETENSES — EVIDENCE.—In a prosecution under Kirby's Dig., § 1689, for obtaining money under false pretenses by delivering to another a false and forged certified copy of a decree of divorce and collecting therefor, evidence *held* to sustain a verdict of guilty.

2. FALSE PRETENSES—ELEMENTS OF OFFENSE.—An indictment charging that a certain person was induced to pay money to defendant on a promise that defendant would procure him a divorce was insufficient.

Appeal from Woodruff Circuit Court, Northern District; *J. M. Jackson,* Judge; reversed.

*E. M. Carl Lee,* for appellant.

1. The evidence is not sufficient to warrant the verdict. No false pretense is proven, nor intent to defraud. 102 Ark. 452; 50 *Id.* 430.

2. The indictment is bad. Cases *supra.*

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

The evidence is sufficient. Kirby's Digest § 1689. There is no error in the instructions and the indictment states an offense within the statute.

HART, J. The defendant, J. B. Conner, prosecutes this appeal from a judgment of conviction for the crime of obtaining money under false pretenses. The body of the indictment is as follows:

"The grand jury for the county of Woodruff, for the Northern District thereof, in the name and by the authority of the State of Arkansas, accuse J. B. Conner of the crime of obtaining money under false pretense, committed as follows, viz.: The said J. B. Conner in the county, district and State aforesaid on first day of November, 1916, then and there unlawfully, wilfully, feloniously, falsely and fraudulently, did falsely pretend to Tom Brown that he would procure a valid decree of divorce to be granted by a court of competent jurisdiction

in favor of the said Tom Brown against Emma Brown in consideration of the payment to him, the said J. B. Conner, of the sum of twenty dollars, and by reason of the making of the said false pretense aforesaid by the said J. B. Conner, then and there obtained from the said Tom Brown, the sum of twenty dollars in gold, silver, and paper money, of the value of twenty dollars, the property of him, the said Tom Brown, whereas in truth and in fact the said J. B. Conner well knew at the time he made the false pretense aforesaid that he would not and could not procure a valid decree of divorce by a court of competent jurisdiction to be entered and made in favor of the said Tom Brown against his wife, Emma Brown, and the said J. B. Conner so well knew at the time he made the false pretense aforesaid, against the peace and dignity of the State of Arkansas.''

It is earnestly insisted by counsel for the defendant that the evidence is not legally sufficient to warrant the verdict.

Tom Brown was one of the witnesses for the State. According to his testimony, during the year 1916, he and the defendant, John B. Conner, lived in the Northern District of Woodruff County, Arkansas. The defendant promised Brown that he would write and see about getting him a divorce from his wife, Emma Brown. All of the parties are colored people. After that Brown paid Conner $20.50 in paper money and Conner handed him a piece of paper in a blue envelope saying, ''Here's your paper.'' Brown understood that he paid Conner the money for looking after and getting his divorce for him. This all occurred in the Northern District of Woodruff County. The paper which Conner handed to Brown and which Brown carried before the grand jury was introduced in evidence in this case. It purported to be a certificate copied from a decree of divorce in the Jefferson Chancery Court in the case of *Tom Brown* v. *Emma Brown*. At the lower left hand corner of the paper appears a gold seal with the words, ''Seal of the Chancery Court'' on it. There is a blue and red ribbon under-

neath the seal. The certificate purports to be signed by
the clerk of the Jefferson Chancery Court. The clerk of
the Jefferson Chancery Court was introduced as a wit-
ness and testified that the writing in question was a for-
gery; that neither he nor anyone in his office signed it;
that he had carefully examined the records in his office
and that no decree of divorce had ever been granted in
the case of *Tom Brown* v. *Emma Brown,* and that no such
case was in that court.

The defendant, John B. Conner, testified for him-
self. He had been for a long time a school teacher in
Woodruff County and the counties adjoining it. Accord-
ing to his testimony, it had been reported in Woodruff
County that a lawyer named White, in Little Rock, Ark-
ansas, had been procuring many divorces for colored peo-
ple in Arkansas. At the instance of Brown, Conner wrote
White concerning a divorce for Brown. When he re-
ceived an answer from White, Conner handed it to Brown
without reading it, supposing that it was Brown's divorce
or was something pertaining thereto. Conner sent all of
the $20.50 paid him by Brown to White except $2.50
which was due him for his services as a notary public in
taking depositions in the case. Brown denied that he
had made any statement to Conner as a notary public or
that Conner took his or anyone's else deposition in his
divorce case.

The indictment was returned under Section 1689 of
Kirby's Digest, which reads as follows:

"Every person who, with intent to defraud or cheat
another, shall designedly, by color of any false token or
writing, or by any other false pretense, obtain a signa-
ture of any person to any written instrument, or obtain
from any person any money, personal property, right in
action, or other valuable thing or effects whatever, upon
conviction thereof shall be deemed guilty of larceny and
punished accordingly."

The evidence for the State when given its strongest
probative force is sufficient to support the verdict. The
proof shows that the defendant delivered to Brown a

false and forged certified copy of a divorce decree and collected from Brown $20.50 in cash therefor. It is true that the defendant testified that he thought it was a genuine document, and that he only acted as agent for Brown, and kept $2.50 of the amount paid him by Brown as notary fees for taking depositions in the case. But Brown denied that any depositions had been taken. Then, too, Conner admitted on cross-examination that he had acted in a similar way in some other cases of like character. Therefore the jury was warranted in finding that the defendant was acting for himself, or for himself and another, and that he falsely represented to Brown that he had procured him a divorce and gave him a certified copy of the decree as an inducement for Brown to pay him the $20.50. This was sufficient.

But there is an error made by the trial court which is open to the defendant. One of the grounds in his motion for a new trial is that the court erred in overruling a demurrer to the indictment. The indictment charges that Brown was induced the pay the money to the defendant upon the promise of the latter that he would get him a divorce. This was not sufficient. A false representation as an inducement to pay money that something thereafter was to be or was not to be done is not a false pretense. It is well settled in this State and elsewhere that the false pretense relied upon to constitute an offense under the statute must relate to a past event, or to some present existing fact, and not to something to happen in the future. *Lawson* v. *State,* 120 Ark. 337, and *Fox* v. *State,* 102 Ark. 451.

According to the allegations in the indictment, the representations amounted to nothing more than a mere promise that he would in the future get Brown a divorce.

For the error in overruling the demurrer to the indictment, the judgment must be reversed and the cause remanded with directions to sustain the demurrer and for further proceedings.