Ex Parte Willis Harold Hogue.

No. 12665.   Delivered May 15, 1929.

The opinion states the case.

*Schlesinger & Schlesinger* and *Harry L. Howard,* of San Antonio, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Appellant was indicted by the grand jury of Cuyahoga County, Ohio, for an offense denominated in the extradition warrant of the Governor of Texas as "neglect of minor child," which is alleged in the indictment to have occurred on the 1st day of February, 1926, "and from that day continuously until the present time, to-wit: the 11th day of March, 1929." Appellant was arrested under an executive warrant issued by the Governor of Texas. He sued out a habeas corpus before the district Court of Bexar County, Texas, on the 26th day of March, 1929, and on that same day a hearing was had and order entered remanding appellant to the custody of the agent of the State of Ohio who had been designated to receive him, from which order appellant appeals to this Court.

It was shown on the habeas corpus hearing without dispute that appellant had arrived in San Antonio about the 1st day of December, 1925, and had continuously resided there since that time to the date of the hearing and had not during said time returned to the State of Ohio; that he had been married in the State of Ohio; had sued his wife in the District Court of Bexar County for a divorce and that a divorce had been granted him about the time the indictment against him herein was returned in the State of Ohio. It further appears that he had a child by this marriage and further testimony was given of his ability and willingness to support same, which we do not quote for the reason that same is immaterial to a disposition of the present appeal. It also appears in the statement of facts that the Governor of Texas issued his executive warrant for appellant's arrest without hearing evidence as to whether appellant was bodily present in Ohio at the time of the commission of the offense charged in the indictment.

It affirmatively and uncontradictedly appearing on the habeas corpus hearing that appellant could not have been present in Ohio on and between the dates that he was alleged to have there committed the crime charged against him, the question presented is whether or not he is a fugitive from justice under the Constitution and laws of the United States so as to authorize his extradition.

The question has been pointedly decided in appellant's favor:

"Parole evidence is always admissible to show the accused is not in fact a fugitive. Wilcox v. Nolze, 34 Ohio St., 520; 19 Cyc., 94. Quoting from Cyc: 'Whether he is a fugitive from justice is a question of fact upon which the opinion of the governor expressed in the warrant itself is prima facie evidence; which, however, may be rebutted under a writ of habeas corpus by admissions or other conclusive evidence.' In note 79 above cited, we find this quotation: 'We are of the opinion that the warrant of the governor is but prima facie sufficient to hold the accused, and that it is open to him to show by admissions, or by other conclusive evidence, that the charge upon which extradition is demanded assumes the absence of the accused person from the State.' Hyatt v. People, 188 U. S. 691; Bruce v. Rayner, 124 Fed. 481; Eaton v. West Virginia, 91 Fed. 760; In re Bloch, 87 Fed. 981. See, also, People v. Hyatt, 172 N. Y. 176, 92 Am. St. Rep. 706; Jackson v. Archibald, 12 Ohio Cir. Ct. 155; Com. v. Trach, 3 Pa. Co. Ct. 65; In re Tod, 12 S. D. 386, 76 Am. St. Rep. 616. Burden of showing he is not a fugitive rests on the prisoner when a proper warrant has issued. State v. Justus, 84

Minn. 237, 55 L. R. A. 325; State v. Clough, 71 N. H. 594, 67 L. R. A. 946; Katyuga v. Cosgrove, 67 N. J. L. 213." Quotation from Ex parte Jowell, 87 Tex. Crim. Rep. 558.

From the United States Supreme Court we quote:

"The exercise of jurisdiction by a state to make an act committed outside its borders a crime against the state is one thing, but to assert that the party committing such act comes under the Federal statute, and is to be delivered up as a fugitive from the justice of that state, is quite a different proposition.

The language of Sec. 5278, Rev. Stat. (U. S. Comp. Stat. 1901, p. 3597), provides, as we think, that the act shall have been committed by an individual who was at the time of its commission personally present within the state which demands his surrender. It speaks of a demand by the executive authority of a state for the surrender of a person as a fugitive from justice, by the executive authority of a state to which such person has fled, and it provides that a copy of the indictment found, or affidavit made before a magistrate of any state, charging the person demanded with having committed treason, etc., certified as authentic by the governor or chief magistrate of the state or territory from whence the person so charged has fled, shall be produced, and it makes it the duty of the executive authority of the state to which such person has fled to cause him to be arrested and secured. Thus the person who is sought must be one who has fled from the demanding state, and he must have fled (not necessarily directly) to the state where he is found. It is difficult to see how a person can be said to have fled from the state in which he is charged to have committed some act amounting to a crime against that state, when in fact he was not within the state at the time the act is said to have been committed. How can a person flee from a place that he was not in? He could avoid a place that he had not been in; he could omit to go to it; but how can it be said with accuracy that he has fled from a place in which he had not been present? This is neither a narrow, nor, as we think, an incorrect, interpretation of the statute. It has been in existence since 1793, and we have found no case decided by this court wherein it has been held that the statute covered a case where the party was not in the state at the time when the act is alleged to have been committed. We think the plain meaning of the act requires such presence, and that it was not intended to include, as a fugitive from the justice of a state, one who had not been in the state at the time when, if ever, the offense was committed, and who

had not, therefore, in fact, fled therefrom." Hyatt v. Corkran, 188 U. S. 712–713; 47 Law. Ed. 661–662.

For other authorities whose facts are almost parallel with the present case, see: Taft v. Lord, 103 Atl. 644; Gottschalk v. Brown, 201 N. Y. S. 862; Jones v. Leonard, 50 Iowa, 106.

The above decision and discussion is so pointedly applicable to the instant case that any further statement by us would be but a repetition and we content ourselves with the above quotation.

Believing that the facts presented in this record show conclusively that appellant is not a fugitive from justice in contemplation of the United States Constitution and Federal statute on the question, the judgment of the trial court is reversed and appellant is ordered discharged.

*Reversed and discharged.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.