### Ex Parte E. T. Baird.

No. 12677. Delivered May 29, 1929.

The opinion states the case.

*J. L. Bailey, C. M. Alderson* and *C. F. Stevens* of Houston, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—This is an appeal from an order of the Criminal District Court of Harris county remanding appellant to the custody of the officer of the demanding state, upon a hearing by habeas corpus of an application sought to secure the release of appellant from the custody of R. L. Massey, an officer of the State of West Virginia, holding in custody the appellant by virtue of a Governor's Warrant issued by the Governor of the State of Texas upon requisition from said State of West Virginia.

It is appellant's contention that he left West Virginia in 1925, and has at no time been within the confines of said State since said date, and that it being alleged in the indictment against him, which furnishes the basis of the requisition of the Governor referred to, that he committed the offense of theft in 1927,—a date two years subsequent to his having been within said State,—that there is no lawful right on the part of the authorities of this State to deliver him to the authorities of the demanding State of West Virginia, and that upon a showing of the facts above stated he is entitled to a discharge from said custody.

From the recitals of the certified copy of the bill of indictment attached to the return of Mr. Massey, the duly appointed officer of the demanding State of West Virginia,—it appears that appellant was charged by indictment found at the April Term, 1927, of the Intermediate Court of Kanawha County, West Virginia, with the offense of theft of property sufficient to make same a felony, alleged to have been committed on the —— day of March, 1927. We further observe that on the hearing before the learned trial judge sitting in this case, the appellant offered in evidence said certified copy of said West Virginia indictment for the purpose, among other things, of showing that the offense therein charged was alleged to have been committed on a day and date when appellant was not within the confines of said demanding State. We further note that when said testimony was offered, upon objection by the State, it was excluded.

Reference to the case of Ex parte Hogue, No. 12665, opinion May 15, 1929, not yet reported, discloses that this court has announced that if the proof shows that the alleged fugitive was not within the confines of the demanding State at the time of the commission of the alleged offense, he could not be a fugitive from justice within the terms of the law. We believe that holding conclusive in the present case. Appellant's wife testified on the hearing in the court below that her husband left West Virginia in June, 1925, and that he had never gone back to that State since. This fact is in the record without contradiction. It thus appearing that the allegation in the indictment against appellant charges a theft committed in March, 1927, and it being shown without controversy that he had removed from the demanding State in June, 1925, and had never returned thereto, we are of opinion that he was not shown to be a fugitive from justice, and that upon the hearing in the trial court appellant was entitled to have his discharge.

The judgment remanding appellant to the custody of the officer of the demanding State is reversed, and his discharge from such custody is ordered.

*Reversed and Discharged.*