EX PARTE JASPER J. MAYER.

No. 18513. Delivered June 17, 1936.
Rehearing Denied (Without Written Opinion) October 28, 1936.

240

The opinion states the case.

*A. L. Carlton* and *C. W. Croom,* both of El Paso, for appellant.

*Roy D. Jackson,* District Attorney, and *John W. Penn,* Assistant District Attorney, both of El Paso, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Relator was arrested on an executive warrant issued by the Governor of Texas after requisition made upon him by the Governor of the State of California. He sued out a writ of habeas corpus and upon a hearing was remanded by the District Court of El Paso County to the custody of the sheriff of El Paso County and the agent of the State of California, from which order he appeals to this court.

Relator filed an application for continuance which embraced the following averments:

"That it is necessary to the rights of this defendant in order that it may be shown that he should be discharged in these proceedings, that he take the depositions of witnesses in California, or produce other evidence, which relator says would show that he committed no crime against the laws of the State of California, and therefore is not subject to extradition under the order or writ of extradition issued by the Governor of the State of California.

"That this defendant is not a fugitive from justice, and it is necessary for him to have a reasonable time in which to produce evidence of such fact."

It is well settled by the decisions that the guilt or innocence of the prisoner will not be inquired into in the forum of the asylum state. Ex parte Pinkus, 25 S. W. (2d) 334. We quote from 19 Tex. Jur., 508, as follows:

"The court will not go behind a valid requisition to make any such inquiry. Indeed, it will go no further than to determine the existence of jurisdictional facts, such as the fact that he is charged with a crime in the demanding state or that he is a fugitive from justice. Accordingly, it is held not to be

error to exclude evidence bearing on the guilt or innocence of the accused."

One not present in the confines of the demanding state at the time the offense was committed is not a fugitive from justice within the terms of th law. 19 Tex. Jur., 493; Ex parte Presley, 27 S. W. (2d) 815, and authorities cited. We quote further from 19 Tex. Jur., page 492, as follows:

"As to whether a particular person is a 'fugitive from justice' is a question of fact upon which the opinion of the governor expressed in his warrant is held to be prima facie evidence. This presumption may be rebutted, however, in a proceeding by writ of habeas corpus by admissions or other conclusive evidence. Parol evidence is always admissible to show that the accused is not in fact a fugitive."

See Ex parte Hogue, 17 S. W. (2d) 1047.

Manifestly, it was proper for the court to overrule the motion to continue insofar as it was based on the averment that relator could introduce evidence showing his innocence.

On the question whether relator was a fugitive from justice, it is observed that the motion fails to state relator's whereabouts at the time in question. It does not set forth the names of any witnesses. It fails to show that relator used any diligence to procure the desired testimony. The testimony the witnesses would give is not disclosed. Under the circumstances, the court was warranted in overruling said motion. It might be added that relator introduced in evidence certain affidavits in which it was set forth that he was in the State of California, in the County of Ventura, on the dates alleged in the complaint.

The record showing that relator was properly remanded, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.