Ex Parte Harold F. Wooten.

No. 23959. Delivered December 10, 1947.

W. J. *Duke* and A. S. *Baskett*, both of Dallas, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Relator was charged by complaint under the name of John Doe Wooten with the crime of robbery, a felony, in the Justice's Court of Turlock Township, County of Stanislaus, State of California, such complaint being signed by Von O. Wilson, and sworn to before Harry O. Carlson, Justice of the Peace of such county. Thereunder, a warrant of arrest was issued by such Justice of the Peace. Among the papers filed and shown herein, there appears an affidavit of the Sheriff of Stanislaus County, California, showing the true name of John Doe Wooten to be Harold F. Wooten, and asserting his belief that such Harold F. Wooten was the same man as was charged with robbery in Stanislaus County, California, as John Doe Wooten. There is also present in the record a statement by the County Clerk of Stanislaus County relative to the officer taking the affidavit of the sheriff. Attached to the application for requisition to the Governor of California is the affidavit of William Zeff, Deputy District Attorney of Stanislaus County, California, in which it is shown, among other things, that relator was believed to have been present in such state and county at the time alleged and to have committed such offense. There is a further authentication by the County Clerk of such county of the signature of

the Justice of the Peace who issued the warrant, as well as a certificate by the Judge of the Superior Court of that county relative to the County Clerk's position and signature.

Upon the strength of the showing made by such documents, the acting Goverenor of Texas, Allan Shivers, granted the requisition and issued this writ of extradition, delivering relator over to the designated agent of the Governor of California; and under the affidavits and documents above shown, District Judge Robert A. Hall remanded relator to such agent to be returned to California to answer such charge.

Relator contends that it is not shown that he was a fugitive from justice in that it is not made to appear that he was present in California on the 31st day of May, 1947, the date on which it was alleged that the offense of robbery was committed, and that therefore he should be discharged under this writ.

It was held in Ex parte Mayer, 131 Tex. Cr. R. 239, 97 S. W. (2d) 217, that one not present in the confines of the demanding state at the time the offense was committed is not a fugitive from justice, citing authorities; but it is also held therein that such is a question of fact upon which the opinion of the governor expressed in his warrant is held to be prima facie evidence, which evidence, of course, can be rebutted. However, in the present instance, we also have the affidavit of the Deputy District Attorney relative to his belief as to the presence of the relator in such state at the time alleged in the complaint.

It is also to be noted that there is no testimony of any kind offered by relator relative to his absence from such state on the date alleged save that of a deputy sheriff and court bailiff of Stanislaus County, who testified that he had never seen relator but knew him only by description, and another California officer, who testified that he did not know relator personally, nor did he personally know whether relator had ever been in the State of California; that he knew him only by description, but that this was the person shown in the warrant and complaint as John Doe Wooten, his true name being Harold F. Wooten.

We have held in Ex parte Hogue, 112 Tex. Cr. R. 495, 17 S. W. (2d) 1047, that the burden of showing that the prisoner was not in the demanding state at the time alleged rests upon such prisoner after a proper warrant has been issued. See Ex parte Jowell, 87 Tex. Cr. R. 556, 223 S. W. 456, 11 A. L. R. 1407.

There is no testimony of any kind offered to overcome the warrant nor the affidavits above referred to.

We think that under the record here shown, the trial court was correct in remanding relator to the custody of the agent for the State of California, and the judgment is accordingly affirmed.