**COLEMAN COUNTY ELECTRIC
CO–OP. Inc.**

v.

**AGNEW.**

No. 3072.

Court of Civil Appeals of Texas.

Eastland.

Jan. 22, 1954.

Rehearing Denied Feb. 12, 1954.

Strasburger, Price, Kelton, Miller, Martin & Taylor, Dallas, for appellant.

Bob Huff and John Splawn, Lubbock, for appellee.

GRISSOM, Chief Justice.

Hoyt L. Agnew sued Coleman County Electric Cooperative for personal injury and property damage caused by a collision between Agnew's automobile and the Cooperative's truck. Agnew alleged he was driving at 45 miles per hour when he attempted to pass the Cooperative's truck and its driver suddenly turned the truck to the left, without giving any signal of his intention to turn; that the truck struck the front of his automobile, injuring Agnew and damaging his automobile. Agnew alleged he suffered serious injury to his back and "low back;" that he received a ruptured

intervertebral disc between the fifth lumbar and the first sacro vertebrae which had caused constant low back pain which radiates down into both legs and that the muscles and ligaments in his "back and low back" were sprained, preventing him from performing any type of work. Appellant answered, among other things, that Agnew "failed to exercise that degree of care upon the occasion in question which would have been used by a person of ordinary prudence under the same or similar circumstances, such act or omissions constituting negligence, which negligence was a proximate cause of the accident of which plaintiff complains." Based on a jury verdict, judgment was rendered for Agnew against appellant for $11,400. The Cooperative has appealed.

Appellant's first point is that the court erred in refusing to submit its requested issue No. 1, inquiring whether Agnew failed to blow the horn on his automobile when he attempted to pass appellant's truck and, if so, whether such failure was negligence and a proximate cause of the accident.

As heretofore shown, appellant pleaded contributory negligence only generally. Agnew did not except to such plea because it failed to allege any specific act of negligence. Appellant properly requested submission of an issue inquiring whether Agnew failed to sound his horn before attempting to pass appellant's truck and, if so, whether such failure was negligence and a proximate cause of the accident. The court refused to submit said issues. Appellee asserts such action was not error because there was neither pleading nor evidence or, in the alternative, that the evidence was insufficient to sustain an affirmative finding on said issues. The jury found that Agnew did not fail to exercise ordinary care in attempting to pass defendant's truck; that he did not fail to keep a lookout and that the collision was not an unavoidable accident.

We have carefully examined appellee's contention that the evidence was insufficient to require submission of the issue whether Agnew sounded his horn before attempting to pass appellant's truck. We have concluded there was sufficient evidence to sustain a finding that Agnew failed to blow his horn. We think the evidence set out in appellant's brief is sufficient to require that conclusion. The record suggests that perhaps failure to submit said issue was based on the conclusion that appellant was not entitled to such submission because it had pleaded contributory negligence only generally. In Schumacher Co. v. Shooter, 132 Tex. 560, 124 S.W.2d 857, 859, the court said in an opinion approved by our Supreme Court:

"It is settled that a general plea of contributory negligence not excepted to is sufficient to warrant submission of the issue either generally or in such respective groups of issues as may be made by the evidence, if submission is requested."

In said case, the Court of Civil Appeals 94 S.W.2d 484, 489 had held that where contributory negligence is pleaded only generally, it is not error to refuse to submit special issues inquiring whether certain specific acts were committed and, if so, whether they constituted contributory negligence, the defendant's pleading contained no reference to such acts. The first case cited by the Commission in support of its holding is Owl Taxi Service Co. v. Saludis, Tex.Civ. App., 122 S.W.2d 225, 227, (Writ Dis.). In that case the court said the exact issue presented to it was whether a general plea of contributory negligence, not excepted to, authorized submission of specific facts raised by the evidence which would constitute contributory negligence, after the court had submitted the issue of contributory negligence in general terms without objection from the defendant. The court held:

"The facts grouped in the special issues requested were clearly raised by the evidence. Though not specifically pleaded, the general plea of contributory negligence was not excepted to by the plaintiff. Under these circumstances, it now seems settled that defendants were entitled to have such grouping, as constituting a defense,

submitted, to the jury. In Stewart v. Galveston H. & S. A. R. Co., 34 Tex. Civ.App., 370, 78. S.W. 979, writ refused, the court said: 'A general plea of contributory negligence, not excepted to is undoubtedly sufficient to warrant its submission generally or in any and all forms in which the issue is made by the evidence.'"

Failure to submit such a requested issue, under comparable circumstances, was one of the reasons for reversal of the judgment in the Owl Taxi Service Co. case. In Spears Dairy, Inc. v. Bohrer, Tex.Civ.App., 54 S.W.2d 872, 876 (Writ Dis.), the court held that refusing an affirmative submission of contributory negligence, raised by a specific group of facts in the evidence was error, although the defendant pleaded contributory negligence only generally. In Houston, E. & W. T. R. Co. v. Lynch, Tex. Civ.App., 208 S.W. 714, 723, the court said:

"In the original opinion in this case we said, in substance, that appellant was not entitled to have this issue submitted to the jury, grouping the facts relative to the defense of contributory negligence, as done in the requested charge, for the reason that appellant had interposed only a general plea of contributory negligence, not specifying any facts upon which it would rely as constituting such negligence, and that, therefore, it could not complain of the refusal of the court to give this special instruction grouping these specific facts, and thus have them affirmatively and pointedly submitted to the jury for a finding on that issue. * * * On motion for rehearing, however, appellant for the first time has called our attention to the case of [Gulf, C. & S. F.] R. Co. v. Mangham, 95 Tex. 413, 67 S.W. 765, the opinion in which was by the Supreme Court of this state, speaking through Judge Brown. After careful consideration of the decision in that case, which was in answer to a certified question from the Galveston Court of Civil Appeals, we have concluded that our holding in the former. opinion, to the effect that appellant was

not entitled to the requested instruction, for the reason that its plea of contributory negligence was only a general one, was error, and that the decision of the Supreme Court in that case is conclusive in favor of the contention of appellant on this point.

"In the Mangham Case this point arose on the following statement and question made by the Galveston court to the Supreme Court:

"'The defendant pleaded merely: (1) A general denial. (2) A general plea of contributory negligence. The plea fails to set forth any acts of contributory negligence on the part of the plaintiff, but simply pleads that "plaintiff's injury was caused by lack of care and contributory negligence, under the circumstances of the case, in getting upon, or attempting to get upon, the engine of defendant, which defendant pleads in bar of plaintiff's cause of action." (3) And the general plea that plaintiff assumed the risk of said defective step. * * *

"'The appellant asked a special charge of contributory negligence, in which the facts were grouped and the law applied thereto. This charge was refused, and error is here assigned therefor.

"'The court's charge of contributory negligence was in general terms, but as full as defendant's plea; and correct as far as it went.

"'Question: Where the facts in evidence relied on by the defendant to constitute contributory negligence are not specifically pleaded, and the court fails to group the facts, but charges in general terms on contributory negligence, is the defendant entitled to have given a special charge grouping the facts and applying the law thereto?'

"To this statement and question the Supreme Court answered:

"'If the facts grouped in the appellant's charge were admissible under

the plea of contributory negligence, and the charge was correct, it should be given. A defendant may plead contributory negligence in general terms, and, if not excepted to, the plea will authorize the introduction of testimony to establish the fact of negligence. [Western Union] Telegraph Co. v. Jeanes, 88 Tex. 230 (31 S.W. 186). The pleadings furnish the standard by which the court determines the admissibility of evidence, but it is the duty of the court to instruct "the jury as to the law arising on the facts." Rev. St. art. 1317.'

"It is clear to us that the opinion of Supreme Court in the Mangham Case is contrary to what we held on this point in the former opinion, and we were therefore in error in overruling appellant's ninth assignment of error, and now hold that the same must be sustained, and the motion for rehearing is granted, and the judgment of the trial court will be reversed and the cause remanded."

In Southern Iron & Machine Co. v. Portgugal, Tex.Civ.App., 53 S.W.2d 685, 686, and English v. Blackwood, Tex.Civ.App., 128 S.W.2d 895, 896 (D.C.J.), under fact situations not materially different than in this case, it was held to be reversible error not to submit the question of the existence of facts finding support in the evidence in the issue on contributory negligence. See also 30 Tex.Jur. 840; Lanning v. Yarbrough, Tex.Civ.App., 35 S.W.2d 211, 214 and 17 Tex.Jur. 519.

Appellee contends, that the decision in the cited cases is not now the law, despite the holding in Coleman v. Texas & Pac. Ry. Co., Tex.Civ.App., 241 S.W.2d 308, 310, that a general plea of contributory negligence, not excepted to, is sufficient to require submission of a requested issue on contributory negligence generally or of specific fact issues raised by the evidence alone, when such submission is requested and, further, that said rule has not been changed by the Texas Rules of Civil Procedure, passed in 1941, and particularly

Rules 94, 277 and 279. Said opinion was written in 1951; said rules were discussed in the opinion; the opinion quotes the same language heretofore quoted by us from the Supreme Court's opinion in Schumacher v. Shooter, 132 Tex. 560, 124 S.W.2d 857, 859, to-wit:

"It is settled that a general plea of contributory negligence not excepted to is sufficient to warrant submission of the issue either generally or in such respective groups of issues as may be made by the evidence, if submission is requested."

The Supreme Court refused a writ of error. We find nothing in the record supporting the contention that appellant requested the general submission of the issue of contributory negligence. The evidence raised the issue of Agnew's failure to sound his horn. The decisions cited compel the conclusion that refusal to submit said issue and whether such failure, if any, constituted negligence and a proximate cause of the accident constitute reversible error.

Upon another trial the court should limit the jury's consideration, in determining the amount of damages, if any, to aggravation of the arthritic condition which Agnew had, if any, prior to the accident. There was ample evidence from which the jury might have concluded that Agnew was suffering with arthritis prior to the accident. The evidence relative to Agnew's suffering and his condition as a result of the accident and his prior arthritic condition are closely connected and intermingled so that the jury might be confused and allow damages for a condition caused, in part, by his prior arthritic condition. Dallas Ry. & Terminal Co. v. Ector, 131 Tex. 505, 116 S.W.2d 683, 685; Dallas Ry. & Terminal Co. v. Orr, 147 Tex. 383, 215 S.W.2d 862, 864; Southern Underwriters v. Boswell, 138 Tex. 255, 158 S.W. 2d 280.

Appellant contends the court erred in refusing to sustain paragraph 53 of defendant's motion for new trial based on the

alleged fraud, perjury and misrepresentation of Agnew on the trial that he had never suffered with back trouble prior to the accident because he had made a claim to an insurance company and had taken treatments and spent money for treatment of his back prior to the accident. We think the requisite diligence was not shown.

Since the judgment must be reversed for the reasons stated and the question should not arise on another trial, we do not pass on the question of misconduct of the jury.

The judgment is reversed and the cause remanded.

On Appellee's Motion for Rehearing.

Appellee insists we should pass on Appellant's point asserting error because of jury misconduct. We have considered said point and it is now overruled. In all other respects Appellee's motion for rehearing is overruled.