EX PARTE BOB KEY

No. 28,828. March 6, 1957.
Appellant's Motion for Rehearing Overruled
April 17, 1957.

*Wm. R. Thielen,* Houston, for appellant.

*Dan E. Walton,* District Attorney, *Eugene Brady,* Assistant *District Attorney,* Houston, and *Leon Douglas,* State's Attorney Austin, for the state.

MORRISON, Presiding Judge.

This is an appeal from an order of the Criminal District Court of Harris County remanding the relator to the custody of the sheriff of said county for delivery to an agent of the State of Arkansas.

At the hearing on the writ, the respondent introduced in evidence the warrant of the executive of this state. When this was done, a prima facie case was made authorizing the extradition of the relator. Ex parte Hoover, No. 28,797. (Page 251, this volume.) 298 S.W. (2d) 579.

The question here presented for review is whether or not the respondent defeated this prima facie case by introducing in evi-

dence the papers upon which the same was based. The requisition of the Governor of Arkansas recited that the relator stood charged with the crime of false pretenses, which is "a crime under laws of this State." The application for the requisition addressed to the Governor of Arkansas recited, in part, as follows:

"The said Bob Key did, by means of certain false pretenses procure from G. C. Holloway peaches on the 8th, 9th, 10th and 11th days of July, 1956, such pretenses being that he would send cashier's check, or certified check for peaches obtained; that under and by such fraudulent and false representation which he knew to be false, and upon which G. C. Holloway relied obtained the several loads of peaches and removed the same outside of the State of Arkansas, and disposed of same with the felonious and fraudulent intent to cheat and defraud the said G. C. Holloway of his personal property, of the value of $5,869.25."

The contention is that this affidavit and the other accompanying papers do not "substantially charge" the relator with having committed a crime under the laws of that state as is required by Section 3 of Article 1008a, V.A.C.C.P.

Counsel for relator and for respondent read into the record Article 41-1901, Arkansas Statutes of 1947, entitled "Obtaining Personal Property by False Pretense" under which the application for requisition was obviously drawn.

Whether the relator is guilty as charged and whether the Arkansas statute is valid or invalid are not for the courts of this state to decide. The constitutionality of such a statute is for the courts of Arkansas and the Supreme Court of the United States. Ex parte Peairs, 162 Texas Cr. Rep. 243, 283 S.W. 2d 755.

The judgment of the trial court is affirmed.

DAVIDSON, Judge, dissenting.

In 1951, the legislature passed what was denominated as the Uniform Criminal Extradition Act. This appears as Art. 1008a, Vernon's C.C.P.

Sec. 3 of Art. 1008a prescribes the requisites for the issuance of an extradition warrant by the Governor of this state. It is therein expressly provided that the Governor of this state

shall not recognize a requisition or demand unless it is accompanied by an indictment, information, or affidavit which "must substantially charge the person demanded with having committed a crime under the law of that state."

The quoted portion of the statute has, in my opinion, been here nullified and destroyed by my brethren.

Appellant, here, relator in the court below, stands charged in the State of Arkansas by the following information:

"Comes EDWARD GORDON, Prosecuting Attorney within and for Johnson County, Arkansas, and here in open court in the name of, by the authority, and on behalf of the State of Arkansas gives information accusing Bob Key of the crime of False Pretense committed as follows, to-wit: The said Bob Key in the County and State aforesaid, on the 8th, 9th, 10th and 11th days of July, 1956, *such pretense being that he would send cashier's check, or certified check for peaches obtained;* that under and by such fraudulent and false representation which he knew to be false, and upon which G. C. Holloway relied obtained the several loads of peaches and removed the same outside of the state of Arkansas, and disposed of same with the fraudulent intent to cheat and defraud the said G. C. Holloway of his personal property, of the value of $5,869.25.

"against the peace and dignity of the State of Arkansas—"

The information, as quoted, alleges that the appellant was accused of the "crime of False Pretense."

In his demand upon the Governor of this state for extradition of appellant, the Governor of the State of Arkansas certifies that the "crime of False Pretense" is a crime under the laws of that state.

Upon such demand and the papers accompanying that demand, the governor of this state issued his executive warrant ordering appellant's arrest and extradition to the state of Arkansas to answer the accusation in the information.

Appellant was arrested on the warrant and, by writ of habeas corpus before the judge of the Criminal District Court of Harris County, sought his discharge from such warrant, claiming that the extradition warrant was void. After hearing, the relief prayed for was denied and this appeal followed.

At the hearing upon the writ, there was introduced in evidence the warrant of the governor of this state, the requisition of the governor of the state of Arkansas, and all the accompanying papers, including the information.

There was no evidence introduced which showed the constituent elements composing the crime of false pretense under the laws of the State of Arkansas. All this record reveals as to the nature of that crime is that the governor of that state said there was such a crime in that state. Indeed, there is nothing here to show that the allegation of the information charged a violation of any law of the state of Arkansas or that any law of the state of Arkansas made unlawful the acts alleged in the information.

Upon its face, the information shows that the sole and only representation which the appellant was there alleged to have made—and which was the basis of that accusation—was that "he [appellant] would send cashier's check, or certified check for peaches obtained" and that, upon that representation, he obtained the peaches.

It is evident that such allegation was nothing more nor less than a promise or profession of an intention to do something in the future; it did not relate to an existing fact or to some past event. The relationship between the parties was nothing more nor less than that of debtor and creditor.

Unless and until it is shown that it is a violation of the laws of the state of Arkansas for one to buy peaches upon the representation that he would at some future time send a check in payment therefor, the information in this case did not substantially charge appellant with a violation of the law in that state.

I confidently assert that it is not a violation of the law, anywhere, for one to buy goods upon credit—that is, upon the representation that he would pay therefor in the future. That is certainly not a violation of any law of this state (Segal v. State, 98 Texas Cr. Rep. 485, 265 S.W. 2d 911.) Unless and until it is shown that such is a violation of the law in the state of Arkansas, I must insist that such is not unlawful in that state.

Here, an information which alleges only that the peaches were bought upon credit—that is, upon the representation that appellant would thereafter pay for them by sending a check—

is held to charge an offense against the laws of the state of Arkansas.

It is this holding which I assert destroys that part of the statute (Sec. 3 of Art. 1008a, Vernon's C.C.P.) that requires that a demand for requisition may not be recognized until it is shown that the accused is substantially charged with "having committed a crime under the law" of the demanding state.

The information either did or did not substantially charge a violation of a law of the state of Arkansas. It was the burden of the state of Arkansas to show that appellant was substantially charged in that state with a violation of the law.

That state not only failed to meet such burden but, to the contrary, the information relied upon to satisfy that burden conclusively shows that appellant is not charged with a violation of any law of the state of Arkansas.

A reference to the opinion of the majority reflects that my brethren did not decide and have not decided appellant's contention, for nowhere do they state that the information charged appellant with a violation of the laws of the state of Arkansas. That issue is completely ignored and side-stepped. All that my brethren decide is that it is not for the courts of this state to determine whether appellant is guilty as charged in the information or whether the Arkansas statute is valid or invalid.

The appellant does not contend that it is the province of this court to determine whether he is guilty or not guilty of the acts charged in the information, or that any statute of the State of Arkansas which makes unlawful the acts charged in the information is invalid. What the appellant does contend—and *all* that he contends—is that this record does not show that he is substantially charged in the state of Arkansas, by information, with a violation of a law of that state.

But his contention has not been decided, nor has it been determined that the information does charge an offense. In all fairness, it seems to me that appellant is entitled to have his contention passed upon.

The fallacious holding of my brethren does not stop with what has been said. It goes further:

It will be noted that in the majority opinion reference is made to a statute of the state of Arkansas which is referred

to as Article 41-1901, Arkansas Statutes of 1947, entitled "Obtaining Personal Property by False Pretense." It will be noted that the opinion does not say that such statute was introduced in evidence in this case. All that the majority opinion says with reference to proof of the statute is that counsel for both parties read the statute into the record.

My examination of the facts, as well as of the record, shows that the statute mentioned was quoted from by counsel in argument to the trial court.

The courts do not take judicial notice of the statutes of other states or of the contents of such statutes.

In order for the statute of the state of Arkansas to be considered here, proof thereof in accordance with established rules was necessary.

No effort was here made to establish by proof or to prove up a statute of that state.

Any consideration which my brethren give to the so-called Arkansas statute is wholly unauthorized and unwarranted. But if my brethren are to recognize the Arkansas statute and cite it in their opinion notwithstanding the fact that they have no authority so to do, then by reason of that fact—and for that reason, alone—I express my views on that statute and its use here.

The statute mentioned reads as follows:

"41-1901. Obtaining personal property by false pretense— Penalty.—Every person who with intent to defraud or cheat another, shall designedly by color of any false token or writing, or by any other false pretense, obtain a signature of any person to any written instrument, or obtain from any person any money, personal property, right of action, or other valuable thing or effects whatever, upon conviction thereof, shall be deemed guilty of larceny, and punished accordingly."

Upon the face of the statute, the offense denounced thereby is that of larceny; one found guilty thereunder is "deemed guilty of larceny, and punished accordingly."

The statute does not create, then, the "crime of False Pretense," as set forth in the demand and executive warrant, which the appellant is alleged to have committed.

The decisions of the Supreme Court of Arkansas show that the construction given to the statute is that the false pretense relied upon to constitute an offense under that statute must relate to a past event or to some present existing fact and not to something in the future. Conner v. State, 137 Ark. 123, 206 S.W. 747; Lawson v. State, 120 Ark., 337, 179 S.W. 818; and Fox v. State, 102 Ark. 451, 145 S.W. 228.

Such is the rule which exists in this state and all other jurisdictions of which I am aware.

It is not, then, a violation of any law of the state of Arkansas for one to buy property on credit—that is, to obtain property by a promise to pay therefor in the future.

Under the statute and decisions of the state of Arkansas, the information in this case did not charge a violation of any law of that state.

The only way by which this case can be affirmed is, in my opinion, to do as my brethren have done and wholly disregard the plain statutory mandate requiring that no demand for extradition be recognized which does not reflect that the accused is substantially charged with a violation of a law of the demanding state.

It may be argued that the defect in the information can be urged upon the trial of the case in the state of Arkansas after appellant has been returned to that state under the extradition warrant. The right of extradition does not exist, however, until it is shown that the information substantially charges a violation by appellant of some law of the state of Arkansas. The statutes of *this* state expressly so provide.

Appellant has the right to insist that the courts of this state do their duty and enforce the statute laws of this state relating to extradition and accord to him all the rights to which he is entitled thereunder. Were he to be accorded those rights he would not be extradited under this record.

There is another reason why appellant should not be extradited under this record:

I call attention to the fact that several witnesses testified that appellant was in the state of Texas and the city of Houston

when the offense was alleged to have been committed. The testimony of these witnesses was not contradicted.

There is in the statement of facts an ex parte affidavit of one G. C. Holloway, who is alleged to be the injured party named in the information. Nowhere therein does he say that appellant was in the state of Arkansas when the peaches were delivered; rather, he says that appellant "received the peaches at Houston."

All the evidence shows that appellant was not in the demanding state when the offense was alleged to have been committed. He was not, therefore, a fugitive from justice and subject to extradition. Ex parte Mayer, 131 Texas Cr. Rep. 239; 197 S.W. 2d 217; Ex parte Wooten, 151 Texas Cr. Rep. 233, 206 S.W. 2d 261.

For the reasons stated, I respectfully enter my dissent to the affirmance of this case.

### ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge.

Appellant contends that the prosecution in the state of Arkansas is based upon information alone, with no showing that prosecution for a felony is authorized upon information by Arkansas law.

In Ex parte Cherry, 155 Texas Cr. Rep. 324, 234 S.W. 2d 1011, cited by appellant, the record did not reflect that Cherry was charged in the demanding state by affidavit.

The Executive Warrant and the supporting papers in this cause show that appellant was charged by affidavit in the state of Arkansas and also by information.

The affidavit made by G. C. Holloway was to the effect that, after calling at his shed in Arkansas and purchasing and paying for two loads of peaches, appellant represented that he would make payment "the day of the load and not in the future" upon each load of peaches hauled away from Holloway's shed. Holloway relied on such representation and when he learned that appellant had fraudulently obtained several loads without paying therefor he stopped the last two in Houston and sold them through other channels.

Under the false pretense that the peaches would be paid for "the day of the load and not in the future," appellant is alleged to have obtained peaches on several consecutive days, the aggregate value of said peaches so obtained and not paid for being $5,869.25.

Remaining convinced that the trial court did not err in remanding appellant to custody for delivery to the agent of the state of Arkansas, appellant's motion for rehearing is overruled.