## Ex parte Frank FOSS.

### No. 46805.

Court of Criminal Appeals of Texas.

April 4, 1973.

Rehearing Denied April 25, 1973.

John L. Fashing, El Paso, for appellant.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

This is an extradition proceeding.

■ Appellant's first contention is that the affidavit which is the basis of the Warrant of the Governor of the demanding State is defective because it is based upon information and belief. Reliance is had upon Ex parte Baker, 43 Tex.Cr.R. 281, 65 S.W. 91 (1901), and Ex parte Rowland, 35 Tex.Cr.R., 31 S.W. 651 (1895). Each of these cases was decided long prior to the enactment of Article 1008a, Vernon's Ann. C.C.P. (1925), now Article 51.13, V.A.C.C. P. (1965).

Recently in Ex parte Collins, Tex.Cr. App., 468 S.W.2d 409 (1971), this Court stated that the fact that an affidavit was based on information and belief would not defeat extradition.

■ Appellant's second and fourth contentions are predicated upon his assertion that since appellant was not in the demanding State (Nevada) on the day charged in the affidavit that he could not be a fugitive from justice in Nevada and did not flee from said State. Reliance upon Ex parte Hogue, 112 Tex.Cr.R. 495, 17 S.W.2d 1047 (1929); Ex parte Baird, 112 Tex.Cr.R. 602, 17 S.W.2d 1049 (1929); Ex parte Wooten, 151 Tex.Cr.R. 233, 206 S.W.2d 261 (1947), and Ex parte Mayer, 131 Tex.Cr.R. 239, 97 S.W.2d 217 (1936), is again misplaced, because they too were decided prior to the adoption of the Uniform Criminal Extradition Act.

Section 6 of the Uniform Criminal Extradition Act (now Article 51.13, V.A.C. C.P.) provides that the Governor of this State may surrender a person who is charged in the demanding State with committing an act in this State, or in a third State, intentionally resulting in a crime in the demanding State. In Ex parte Peairs, 162 Tex.Cr.R. 243, 283 S.W.2d 755, we said:

"A State statute on the subject of extradition is unconstitutional only when it seeks to abridge or lessen the duty placed by the Constitution on the part of the chief executive of the asylum State. It follows that any State statute which facilitates the rendition of persons charged with crime is not in conflict with the Federal Constitution and rests rather upon the comity between States and not upon the Federal Constitution. Culbertson v. Sweeney, 70 Ohio App. 344, 44 N.E.2d 807, 809, and Cassis v. Fair, 126 W.Va. 557, 29 S.E.2d 245, 151 A.L.R. 233, at page 237."

In Miller v. Decker, 411 F.2d 302, the Fifth Circuit Court of Appeals upheld an extradition from Texas to California even though the appellant there had never been a fugitive from the State of California. There, the appellant was sought to be extradited under the Uniform Reciprocal Enforcement of Support Act, Article 2328b–4, Sec. 5, Vernon's Ann.Civ.St. The Court also mentioned Article 51.13, Sec. 6, V.A. C.C.P., and stated:

"State courts in Texas have held both provisions to be constitutional, and the states regard it as well settled that the federal constitutional and statutory provisions are not exclusive and that the states are free to cooperate with one another by enacting such legislation to extend interstate rendition beyond that authorized by federal law." (fn. omitted)

The Court further stated:

"We consider that the Constitutional right to demand the surrender of a fugitive is not made any less absolute and the obligation to deliver is not made any less compelling by the states' retention of their sovereignty to provide for the extradition of non-fugitives within their discretion. Neither Article IV, Section 2, Clause 2, nor the federal statute expressly negate the power of the states to provide for the extradition of persons who are not fugitives in the technical

sense. The history of and the reason for the clause afford no basis for an interpretation that the states impliedly relinquished their sovereignty in all extradition matters outside the sphere of the clause, and no reason has been advanced to us which would support or compel such an interpretation." (fn. omitted)

In Miller v. Decker, supra, the Court continued by discussing Hyatt v. People of State of New York ex rel. Corkran, 188 U.S. 691, 23 S.Ct. 456, 47 L.Ed. 657 (1903), the case relied upon by appellant, and stated:

"The cases relied on by appellant, cited heretofore, did not involve state legislation permitting extradition when the person charged was not in the demanding state at the time of the alleged offense and they may be regarded only as recognizing the limitations of the extent and scope of the federal constitutional and statutory provision and not as determining the states' power to enact legislation supplementary to the Constitution and federal statute."

Appellant's second and fourth contentions are overruled.

■ Appellant's third contention is that he "is not charged in the State of Nevada with committing an act in Texas or in Nevada that intentionally resulted in the crime of murder and second degree kidnapping in Nevada". He points out that the complaint in the instant proceedings charges appellant either directly or with being a principal to the commission of the crimes and does not charge him as an accomplice or as an accessory as required by the Texas statute.

Appellant's attack upon the Nevada complaint is not whether they substantially charge him with an offense under Nevada law, but whether they are sufficient to support a prosecution in the State of Nevada. In Ex parte Weiner, Tex.Cr.App., 472 S.W.2d 773 (1971), this Court stated:

"Whether the allegations are sufficient to support a prosecution in Missouri (if indeed the affidavit is intended to serve as the basis for a prosecution) is not a question to be determined by this Court in an extradition proceeding. Absent clear invalidity, the determination of validity of an affidavit or indictment upon which a demand for extradition is based and its sufficiency as a criminal pleading will be left to the courts of the demanding state. Ex parte Scott, [Tex. Cr.App.], 446 S.W.2d 307 . .. . ; Ex parte Corley, [Tex.Cr.App.], 439 S.W.2d 668 . . . ; Ex parte Powers, [Tex.Cr. App.], 391 S.W.2d 413. . . ."

See also Ex parte Harry, Tex.Cr.App., 482 S.W.2d 197 (1972).

Further, the application for requisition by the District Attorney of Clark County, Nevada, states that the appellant "is properly charged in due form in accordance with the laws of this State, with the crimes of murder and second degree kidnapping, felonies committed in the County of Clark, State of Nevada, on or about the 2nd day of March, 1972. .. . ." This application also contains the definitions of the offenses of murder as denounced by N. R.S. 200.010 and second degree kidnapping as denounced by N.R.S. 200.310. Further, the demand under the signature of the Governor of the State of Nevada and that of the Secretary of State of that state recites "whereas it appears by the annexed application for requisition and supporting documents which I certify are authentic and duly authenticated in accordance with the laws of this state, that Frank Foss stands charged with the crimes of murder and second degree kidnapping by committing acts both in the state of Nevada and in the state of Texas intentionally resulting in said crimes in this state. . . . " Thus, both the Governor and Secretary of the State of Nevada have authenticated the statement of the District Attorney of Clark County, Nevada, that appellant "is properly charged in due form in accordance with the laws of this state

with the crimes of murder and second degree kidnapping. . . ."

Appellant's third contention is overruled.

■ Appellant's fifth contention is "appellant Foss must be discharged for he has been detained in custody or held to bail without an adequate indictment being presented against him at the next term of court as required by Article 32.01, [V.A.] C.C.P."

Appellant relies on Article 32.01, supra, which provides for a dismissal upon failure to return an indictment at the next term of court. The statute, obviously, applies to persons who are being held to answer criminal charges in this state and not persons who are held or who are on bail to be extradited to another state.

Appellant's fifth contention is overruled.

The judgment remanding appellant to the State of Nevada is affirmed.