## D. B. ROSS *v*. STATE OF ARKANSAS

5308 424 S. W. 2d 168

Opinion delivered February 19, 1968

*Robert W. Faulkner*, for appellant.

*Joe Purcell*, Attorney General; *Don Langston*, Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. Ross was charged by information with the crime of false pretenses, in that he borrowed $2,000 from an Arkadelphia bank for the purpose of buying 29 head of cattle, upon which the bank was to have a lien, but he failed to use the money as he had promised to do. He defended the charge upon the ground that the offense in question must be based upon a misrepresentation of an existing or past fact rather than upon a promise to be performed in the future. The trial court, rejecting that defense, instructed the jury that the misrepresentation can relate to future conduct if it is accompanied by a present intention not to perform the promise. This appeal is from a verdict and judgment finding Ross guilty and sentencing him to imprisonment for one year.

The court lapsed into error, perhaps being misled by the rule that now prevails in civil cases. *Victor*

*Broadcasting Co.* v. *Mahurin,* 236 Ark. 196, 365 S. W. 2d 265 (1963). On the criminal side, however, we still follow the English rule that was adopted in Arkansas more than a century ago: "This, as the authorities show, was clearly not a false pretence within the statute, because, to be such, it must have been of some existing fact and not a pretence that he would do an act which he did not mean to do." *McKenzie* v. *State,* 11 Ark. 594 (1851). The California court's departure from the great weight of authority on the point is of interest, but we do not find its reasoning persuasive. See *People* v. *Ashley,* 42 Cal. 2d 246, 267 P. 2d 271 (1954).

The judgment is reversed, and, since the case has been fully developed, the charge is dismissed.