Patricia BAKRI *v.* STATE of Arkansas

CR 77-14                                              551 S.W. 2d 215

Opinion delivered June 6, 1977
(In Banc)

*Rosecan, Kimbrell & Witzel,* by: *Alan G. Kimbrell,* St. Louis, and *Sam Goodkin,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Joseph H. Purvis,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. A jury convicted appellant of the offense of false pretense (Ark. Stat. Ann. § 41-1901 [Repl. 1964][1]) and assessed her punishment at one year's imprisonment in the Arkansas Department of Correction. Appellant first contends, through court appointed counsel, that she should have been discharged for failure to bring her to trial within three terms of court following her arrest. Appellant was arrested on May 19, 1975, and subsequently charged by information. From the date of arrest until trial, she was at liberty on bail. The terms of the Sebastian County Circuit Court, Fort Smith District, are the first Monday in February, June and October. Ark. Stat. Ann. § 22-310 (Supp. 1975). The third full term of court following appellant's arrest would be the February 1976 term which ended on June 7, 1976. Appellant was tried on June 3 and 4, 1976. This is within the third full term of court whether measured from the date of arrest or the subsequent information and, therefore, complies with Ark. Stat. Ann. § 43-1709 (Repl. 1964). *State v. Knight,* 259 Ark. 107, 533 S.W. 2d 488 (1976). See also Ark. Crim. Proc., Rule 28 (1976) (Act 280 of 1975). That rule changed Ark. Stat. Ann. § 43-1709 (Repl. 1964) by providing the time for trial commences to run from the date of arrest and not from the filing of the information.

---

[1]This section is now superseded by Ark. Crim. Code § 41-2203 (1976).

Appellant next contends that "the State failed to make a submissible case for the jury in that the only false representation alleged and proved — that the victim 'would be exclusive in this area' — related solely to the future and was not a misrepresentation of an existing fact or past event." It is well settled that to constitute false pretense within the meaning of the statute (§ 41-1901), the misrepresentation must be of some past or existing fact and not a promise of something to occur in the future. *Ross* v. *State,* 244 Ark. 103, 424 S.W. 2d 168 (1968); *Conner* v. *State,* 137 Ark. 123, 206 S.W. 747 (1918); and *McKenzie* v. *The State,* 11 Ark. 594 (1849).

Here the information charged that the prosecuting witness was induced to pay money in excess of $35 ($11,985) to the appellant by her false representation of an existing fact. The pertinent part of the bill of particulars asserts that the appellant created "a false impression as to the area and exclusivity of the contract. . . . " Appellant was a sales representative of a nonresident corporation, MRM Enterprises, Inc. The thrust of the state's argument is that sufficient proof was adduced that appellant falsely represented an existing fact by selling the prosecuting witness, Parker, an "exclusive" distributorship of Kodak products for a certain area. She mailed Parker's application along with two others to her employer which accepted all of them as distributors. Parker admitted that appellant told him, in taking his application and check, "that I would be exclusive in this area of Fort Smith," and he knew that the proposed purchase agreement was "valid only upon a signature of an officer of MRM Enterprises, Inc." He was also aware that he was "applying for a distributorship which might or might not be accepted."

In *Conner* v. *State, supra,* we said: "A false representation as an inducement to pay money that something thereafter was to be or was not to be done is not a false pretense." Here, when all of the evidence is viewed most favorably to the state, we must hold that no submissible issue was presented to the jury as to false representation of a past or existing fact.

Reversed and dismissed.

We agree: HARRIS, C.J., and FOGLEMAN and ROY, JJ.

HICKMAN, J., dissents.

DARRELL HICKMAN, Justice, dissenting. Patricia Bakri was charged with obtaining $11,985 from Ray Parker by means of false pretense. The state introduced evidence that it was represented to Mr. Parker that he would have an exclusive distributorship for Fort Smith and with that distributorship certain marketing advantages. According to the evidence, Bakri promised two others the same thing at the same time.

The majority are holding that because an exclusive dealership was merely promised, there can be no violation of the criminal law of false pretense. It was a matter for the jury to decide whether or not Bakri was guilty of false pretenses. The state made a case and the conviction should be permitted to stand.

This was nothing more than a pure and simple con game and the law was designed to protect individuals from this type of larceny. Legal distinctions made by the majority are too fine. Parker was promised an exclusive dealership in the Fort Smith area. At the same time his money was taken, two other individuals paid money for exclusive distributorships in the same area. That is pretty strong evidence that the promise of an exclusive distributorship was false.

I would affirm the judgment of the lower court.